*224 OPINION.
Sternhagen :
Whatever may have been the personal belief of petitioner in 1917 as to the history of the $30,000 whicli she then received or the legal nature of the transaction by which she received it, the record evidence of the transaction as a loan is so unequivocal that it can not be overthrown in order to construe it to be a dividend. The corporate resolution authorizing a loan to McConkie; McConkie’s note; the note of Goff as trustee; Goff’s contemporaneous memorandum, he being the dominating director of the corporation; the note of petitioner herself, an educated and experienced woman in financial matters, well aware of the function of a promissory note and the significance of her signature; the possible motive of the corporation to save Canadian taxes by making a loan instead of declaring a dividend; and the failure of petitioner to treat the amount as a dividend when making her 1917 tax return and thus her saving of taxes which if accrued would now be outlawed, all establish the transaction as a loan, deliberately and purposely made, and that the idea of a dividend, whether ordinary or in liquidation, was considered and rejected. By way of corroboration, all of the subsequent acts carry out the idea of a loan and are inconsistent with that of a dividend — the preservation of the notes; the 1921 dividend resolution and its recognition of the bills receivable; the accounting entries; the cancelation of the notes. Against this the petitioner places her informal conversation with Goff and her testimony that she thought she was getting a dividend. This is, in our opinion, not effective to overcome the official and unrenounced corporate action. If the informal understanding of this stockholder were sufficient to fix the nature of the corporate action as that of a dividend, what becomes of the understanding of Goff as the majority stockholder, who manifestly intended it to be a loan and made it such ?
*225 The petitioner urges that a closely owned corporation may act informally, and so it may. Here the corporation chose to act formally. The petitioner insists that substance is controlling over form; we think both form and substance here converge in a loan in 1917 and a dividend in 1921. In this the case is different from those cited by petitioner.. Both the corporation and the petitioner treated the transaction as a loan in 1917 and were substantially benefited thereby. This was correct. When, however, the dividend came in 1921, she was released from her note, received income, and must bear the burden of its tax.

Judgment will be entered for the respondent.

Considered by Green and Arundell.